Withers, J.
delivered the opinion of the Court.
If the existence of malice excluded that of probable cause, we might be inclined to differ from the circuit Judge, and set aside the nonsuit. But it is quite well settled that want of probable cause cannot be inferred as a consequence from any degree of malice that may be shewn ; although the legal inference, prima facie, of malice might be allowed, (as is said in one of our cases) from proof of the want of probable cause. Indeed the action rests confessedly upon the existence of the one, and the non-existence of the other, as distinct elements, the burthen of proof as to both being on the plaintiff in an action for malicious prosecution.
We shall not stop to insert definitions of probable cause— the books, our own included, are full enough of such matter. But assuming any form of definition adopted by reputable authority ; as, would the circumstances induce a belief of the plaintiff’s guilt on the mind of any reasonable man, or “what might a reasonable man have done under the circumstances “was there ground of suspicion to any mind not blinded by malice or misled by prejudice“was there just ground of suspicion at the timelet us endeavor to apply some test, suggested by such definitions. Suppose, then, a perfect stranger to the plaintiffs, acquainted with the laws of retailing, should have witnessed what occurred with the wife of Horn for example, an inquiry for spirits — the answer that there was none for sale, then the persuasions from the applicants, that there should be no difficulty, she need not fear, no one would interrupt her •, whereupon the liquor was sent out and money returned — what would an indifferent looker *310 on necessarily conclude ? The refusal at first was overcome ]3y certain assurances which had no meaning in them at all, unless they were understood, on both sides, to imply a sale. That is what she, in words, declined at first, and yielded at last. Surely there was developed in such a transaction reasonable grounds of suspicion to a reasonable mind, to say the least, of the guilt of the woman, in selling less than 3 gallons of whisky.
3 B- ira
The husband, it is true, was not present; but he might have been guilty nevertheless; and a stranger, seeing what has passed on the part of the wife, observing the movements of the whiskey wagon in the morning, considering that if the wife retailed at all she probably did so ■ with the knowledge and approbation and for the benefit of the husband, and adverting to the idea that if she did so as his instrument, he and not she was the guilty person; seeing that by a sort of common consent a number of persons (some 20) failing to encounter the wagon seemed to follow confidently the lead of some one to this house as the place to obtain whiskey j such looker on would not be unreasonable in suspecting that in the particular instance the wife was but imitating the example of the husband, or consulting his pleasure. It ought also to be remarked, that including the husband in the indictment was only that which the Solicitor, if he had been consulted, might have advised, with an eye to the facility with which a wife may escape, in such cases, by the disposition of the law to impute her acts to the husband.
No doubt is entertained that the question of what is probable cause, and whether the proof of certain facts establishes the same or not, is for the Court; always so where facts are given. The facts from which the conclusion of law is to-be drawn, are to be submitted to the jury whenever they are doubtful or disputed. Lord Tenterden observed, in Blackford v. Doil, as follows : “It is difficult to lay down any general rule as to the cases where the opinion of ajury should or should not be taken. I have considered the correct rule to be this — if there be any fact in dispute between the parties, the Judge should leave that fact to them, telling them, if they should find in one way as to that fact, then in his opinion there was no probable cause, and their verdict should be for the plaintiff; if they should find in the other, then there was, and their verdict should be for the defendant.” Here, however, no dispute existed about the facts; it was the case made by the plaintiffs themselves.
While, therefore, we do not much admire the probable motives that actuated the defendant in this transaction, we must give him his strict law, and take care not to embarrass prosecutions with so much hazard as to repress them in an undue *311 degree. A majority of the Court, at any rate, do not perceive that there was on the circuit any infringement of the plaintiff’s legal rights, and his motion is therefore dismissed.
O’Neall, J. — Evans, J. — Ward law, J. — and Frost, J. concurred.
Richardson, J. dissented.

Motion refused.